IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02094-BNB

GREGORY D. ALBRIGHT,

    Plaintiff,

v.

STATE OF COLORADO,
BILL RITTER, Governor,
ARISTEDES W. ZAVARAS,
STEVE L. HARTLEY,
COLORADO DEPARTMENT OF CORRECTIONS,
MR. KAHANIC,
MRS. KAHANIC,
LT. FOX,
MS. COSTNER, and
ROBERT HOUSTON,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2007

GREGORY C. LANGHAM
                   CLERK

---

ORDER

---

Plaintiff has filed *pro se* on September 25, 2007, a "Petition for Temporary Restraining Order, Preliminary Injunction and a Cease & Desist Order Pursuant to Fed. R. Civ. P. Rule 65." Plaintiff alleges that, following an incident on September 12, 2007, when an inmate assaulted a staff member at the Limon Correctional Facility, the governor declared a state of emergency and the facility was locked down. Plaintiff contends that the governor's declaration has resulted in armed personnel escorting inmates to and from the dining hall and med-line; suspension of direct access to the law library; suspension of religious, education, rehabilitation, and recreation programs; twenty-four hour cell confinement with showers every three days; reduced medical care;

and random searches. Plaintiff further contends that staff members have instigated confrontations with inmates and expressed a willingness to cause physical harm to inmates. Plaintiff asks that the governor's declaration of a state of emergency be terminated, that the armed guards be removed, and that the suspended programs and privileges be restored. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Plaintiff fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Accordingly, it is

ORDERED that the "Petition for Temporary Restraining Order, Preliminary Injunction and a Cease & Desist Order Pursuant to Fed. R. Civ. P. Rule 65" filed on September 25, 2007, is denied.

DATED at Denver, Colorado, this 29 day of Oct , 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02094-BNB

Gregory D. Albright
Prisoner No. 95774
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/29/07

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk