IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02094-BNB

GREGORY D. ALBRIGHT,
    Plaintiff,

v.

STATE OF COLORADO,
BILL RITTER, Governor,
ARISTEDES W. ZAVARAS,
STEVE L. HARTLEY,
COLORADO DEPARTMENT OF CORRECTIONS,
MR. KAHANIC,
MRS. KAHANIC,
LT. FOX,
MS. COSTNER, and
ROBERT HOUSTON,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 31 2007

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Gregory D. Albright, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility at Limon, Colorado. Mr. Albright initiated this action by filing *pro se* a Prisoner Complaint. On October 15, 2007, Mr. Albright filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights have been violated. The court must construe the amended complaint liberally because Mr. Albright is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Albright will be ordered to file a second amended complaint.

The court has reviewed Mr. Albright's amended complaint and finds that it is deficient because the amended complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Albright fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Albright lists twenty-four claims for relief against the ten named Defendants. However, he fails to allege specific facts in support of each of the claims for relief he is asserting and he fails to allege specific facts to link the ten named

Defendants to the asserted claims. Instead, Mr. Albright merely provides a laundry list of his claims and a generic description of how each Defendant is responsible for violating his rights. As a result, the Court is unable to determine what specific actions of the named Defendants allegedly violated Mr. Albright's rights.

Therefore, Mr. Albright will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. In order for Mr. Albright to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Albright is reminded that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Albright also is reminded that personal participation is an essential allegation in a civil rights action. *See **Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Albright must show that each Defendant caused the deprivation of a federal right. *See **Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See **Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See **Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Accordingly, it is

ORDERED that Mr. Albright file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Albright, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Albright fails to file an original and sufficient copies of a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED October 31, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-02094-BNB

Gregory D. Albright
Prisoner No. 95774
Limon Correctional Facility
49030 State Highway 71
Limon, CO 80826

    I hereby certify that I have mailed a copy of the **ORDER and and two copies of Prisoner Complaint** to the above-named individuals on 10/31/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk